12647

McMANAWAY v. CLAPP

(148 S. E., 18)

250

254

260

262

*Mr. Hoke B. Black,* for appellant,

*Messrs. Mann & Plyler,* for respondent,

April 29, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, H. B. McManaway, against George W. Clapp, defendant, was commenced in the Court of Common Pleas for Greenville County, November 5, 1926, for the purpose of requiring the specific performance of a written contract dated September 15, 1926, for the purchase and sale of a certain lot of land on Howe Street, in the City of Greenville, S. C., valued at $2,750. The defendant in his answer admitted the allegations of the complaint with reference to the execution of the contract in question, but denied that the plaintiff was entitled to the relief asked for, on the ground that the plaintiff was not the owner in fee of the land and could not convey a good marketable title to the same. The case was referred to E. Inman, Master for Greenville County, to take the testimony and pass upon the issues involved. The report of the Master was in favor of the plaintiff, recommending a specific performance of the contract. To the Master's report the defendant filed exceptions, and the cause was heard by his Honor, Judge M. L. Bonham, who confirmed the Master's report, holding that the plaintiff had a good and marketable title to the lot of land in question, and ordered a specific performance of the contract. From this decree the defendant has appealed to this Court, and asks a reversal of the decree of the Circuit Judge upon the grounds stated in the exceptions, which will be reported with the case.

. The issues involved and the facts pertinent to the questions presented to this Court are stated in the "Agreed Statement of Facts" appearing in the Transcript of Record. This statement is as follows:

"This is an action brought for the specific performance of a written contract for the purchase and sale of a certain lot of real estate on Howe Street in the City of Greenville, S. C. The defendant declined to accept the deed tendered him on the ground that one of plaintiff's predecessors in title to-wit: Furman University, could not convey a fee-simple marketable title and that therefore plaintiff could not convey a marketable title to defendant. The objections raised by defendant arose out of the provisions in a deed from Vardry McBee to the State Convention of the Baptist Denomination of South Carolina a corporation in 1851."

The provisions are:

"In trust and to use of Furman University for educational purposes connected with the said Furman University and for no other purpose whatsoever. That is to say that the said the State Convention of the Baptist Denomination in South Carolina shall henceforth and forever permit and suffer the said Furman University to hold, possess and enjoy the said tract or parcel of land as a site and location for all colleges, academies, school houses, professors' houses and other buildings or matters of any kind, whatsoever necessary for or connected with the educational purposes of the said Furman University.

"Defendant raises objections on two grounds:

"1. That under the trust provisions, Furman University has no right to sell this property.

"2. That the Statute of Uses did not operate to give Furman University good title.

"Defendant is ready, able and willing to carry out his agreement provided said title is a good and marketable one.

"Said tract of land was conveyed to the Baptist State Convention in 1851 at a consideration of $150.00 per acre. Furman University re-conveyed three and one-fourth acres

of this land to the grantor at $200.00 per acre in 1871. Furman University also conveyed several lots from time to time along the edge of the campus to various parties and none of the heirs of Vardry McBee have ever raised any question or attempted to re-enter and repossess same. The proceeds of the sales of the various lots were put into the treasury of Furman University and used for educational purposes and other matters connected with said University."

An error having been discovered as to the wording of the second sentence in the above paragraph, it was agreed that the same be amended to read as follows: "Furman University conveyed three and one-fourth acres of this land to the grantor's sons, Vardry McBee and Alexander McBee at $200.00 per acre in 1871."

In his testimony the defendant stated that he was ready and willing to comply with the contract if the plaintiff had a good marketable title, and that he had refused to accept the deed tendered by the plaintiff because he had been advised by counsel that the plaintiff did not have a fee-simple, marketable title.

It appears from the exhibits that the deeds from Vardry McBee to the State Convention of the Baptist Denomination of South Carolina, conveying lands, included the lot of land in question at a consideration of $150 per acre, and contained the above-mentioned trust provisions. Further, the transcript shows that there is a record of a deed from Furman University to Vardry McBee and Alexander McBee (sons of the Vardry McBee who executed the deed in question) dated March ——, 1871, conveying 3¼ acres at a consideration of $200 per acre, which tract was part of the original tract sold by the said Vardry McBee to the State Baptist Convention.

We agree with the conclusion reached by the Master and the Circuit Judge, and for the reasons stated in the Master's report and the decree of the Circuit Judge the appellant's exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.